THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

**Douglas L. Jacobs**
**Sonya M. Jacobs**

Debtor(s)

**Case No. 13-14323-BFK**
Chapter 13

---

DOUGLAS L. JACOBS

and

SONYA M. JACOBS

    Plaintiffs,

v.                                                                                                 AP No. _____

NAVY FEDERAL CREDIT UNION
Attn: Cutler Dawson, President/CEO
P.O. Box 3000
Merrifield, VA 22119-3000

    Also serve:   Thomas W. Steele and Joan C. Cox, as Trustees
                          820 Follin Lane
                          Vienna, VA 22180

    Defendant.

## COMPLAINT TO AVOID LIEN

COME NOW the Debtors/Plaintiffs, Douglas L. Jacobs and Sonya M. Jacobs, by counsel, pursuant to 11 U.S.C. § 506 and 1322, and they hereby file this Complaint to avoid a certain lien, held and serviced by the Creditor/Defendant, Navy Federal Credit Union, on certain real property owned by the Debtors, and in support thereof the Debtors state as follows:

John C. Morgan (VSB#30148)
John Carter Morgan, Jr., PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
Telephone (540) 349-3232
Counsel for Debtor(s)

1. The Debtor commenced this Chapter 13 case with the filing of a voluntary petition on September 23, 2013 (the "**Petition Date**").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. On August 27, 2009, the Debtors filed a joint Chapter 7 bankruptcy petition and subsequently received a discharge on December 9, 2009 (Case No. 09-17016).

6. On August 1, 2013, the Debtors filed a joint Chapter 13 bankruptcy petition, pro se, and this case was dismissed on August 19, 2013. (Case No. 13-13573).

7. Pursuant to 11 U.S.C § 1328(f)(1), the Debtors are eligible for a discharge in the current Chapter 13 bankruptcy proceeding having filed the instant action over four years after filing their Chapter 7 case.

8. On April 7, 2014, this Court entered an order confirming the Debtors' Chapter 13 plan dated January 29, 2014 (the "**Confirmed Plan**").

9. The Debtors have filed this case in good faith as the Confirmed Plan provides that a dividend of 100.00% will be paid to unsecured claims totaling $2,635.29, and the Debtors are eligible for a discharge.

10. As of the Petition Date, the Debtors owned certain real property and improvements thereon, conveyed to them by General Warranty Deed dated March 11, 1994, commonly known as 20593 Clover Hill Road, Remington, Virginia 22734 (the "**Real Property**"), which is more particularly described as:

> ALL OF THAT CERTAIN LOT OR PARCEL OF LAND, WITH ALL BUILDINGS AND IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING, SITUATE, LYING AND BEING NEAR LAKOTA, IN JEFFERSON MAGISTERIAL DISTRICT, CULPEPER COUNTY, VIRGINIA,

> DESIGNATED AS LOT 1, CONTAINING 1.991 ACRES, ACCORDING TO A PLAT OF GREENHORNE & O'MARA, INC., DATED JULY 24, 1987, AND RECORDED IN THE CLERK'S OFFICE OF CULPEPER COUNTY, VIRGINIA IN PLAT CABINET 1, SLIDE 12.
>
> AND BEING THE SAME PROPERTY CONVEYED TO DOUGLAS LEE JACOBS AND SONYA M. KIRK, BY DEED DATED MARCH 11, 1994 FROM WILLIAM W. COSTELLO AND HELEN F. COSTELLO, HUSBAND AND WIFE, AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CULPEPER COUNTY, VIRGINIA, IN DEED BOOK 525, PAGE 58.

A copy of the Deed is attached as Exhibit 1.

11. The Real Property is the principal residence of the Debtors.

12. The Real Property is valued at $155,000.00, based upon a Residential Appraisal Report conducted on March 4, 2014. A copy of the Residential Appraisal Report is attached as Exhibit 2.

13. The Defendant holds a lien in first position on the Real Property pursuant to a Deed of Trust securing a debt in the original amount of $188,000.00 (the "**First Deed of Trust**"). The First Deed of Trust was recorded on March 9, 2005 at 02:58 p.m., at Instrument #050002568, in the Culpeper County, Virginia Circuit Court Clerk's Office. A copy of the First Deed of Trust is attached as Exhibit 3.

14. The Defendant filed a proof of claim in the Debtors' Chapter 13 case, designated as claim number 7, detailing the approximate balance owed as of the Petition Date under the First Deed of Trust in the amount of $205,220.90.

15. The Defendant holds an inferior lien in second position on the Real Property pursuant to a Deed of Trust securing a debt in the original amount of $60,000.00 (the "**Second Deed of Trust**"). The Second Deed of Trust was recorded on December 29, 2006 at 1:58 p.m., at Instrument #060013665, in the Culpeper County, Virginia Circuit Court Clerk's Office. A copy of the Second Deed of Trust is attached as Exhibit 4.

16. The Defendant filed a proof of claim in the Debtors' Chapter 13 case, designated as claim number 3 (the "**Claim**"), detailing the approximate balance owed as of the Petition Date under the Second Deed of Trust in the amount of $50,206.20.

17. Because the amount owed on the First Deed of Trust exceeds the value of the Real Property, there is no equity to which the Second Deed of Trust may attach, and the Defendant's claim is not secured pursuant to 11 U.S.C. § 506(a)(1).

18. Because the Defendant holds a lien that is wholly unsecured, it is void pursuant to 11 U.S.C § 506(d). As a result, the Debtors' Chapter 13 plan can void, or "strip off" this lien pursuant to 11 U.S.C. § 1322(b)(2). See Dean v. La Playa Invs., Inc. (In re Dean), 319 B.R. 474 (Bankr. E.D. Va. 2004).

19. In their previous Chapter 7 case, the Debtors scheduled both the Real Property and the Defendant's claim secured by the Real Property. The Debtors received a discharge in the normal course, and the case was closed.

20. On February 25, 2014, the Debtors filed an objection to the Defendant's Claim arguing that the Defendant's interest in the Real Property was discharged as to the Debtors personally in their prior Chapter 7 case.

21. On April 1, 2014, this Court entered an order (Doc. # 35) disallowing the Claim in this proceeding.

22. The Debtors' Chapter 13 Plan therefore proposes that the Second Deed of Trust be avoided, in its entirety, and the Debtors further propose that, pursuant to the order disallowing the Claim by reason of discharge in a prior Chapter 7 case, the underlying debt be disallowed as an unsecured claim in the Debtors' Chapter 13 case.

23. The Debtors propose submitting to the Court, for entry, an Order avoiding the Defendant's Second Deed of Trust, which the Debtors' counsel will separately record in the aforementioned Clerk's Office upon completion of the Debtors' Chapter 13 Plan.

WHEREFORE, the Debtors/Plaintiffs respectfully request that the Court enter an Order stating that the Second Deed of Trust, in the approximate amount of $50,206.20, recorded against the Real Property, held and serviced by the Defendant, and recorded on December 29, 2006 at 1:58 p.m., at Instrument #060013665, in the Culpeper County, Virginia Circuit Court Clerk's Office be, and that it hereby is, avoided in its entirety, and that the underlying debt be disallowed as an unsecured claim in the Debtors' Chapter 13 case, and to award the Plaintiffs such other and further relief, including reasonable costs incurred and attorneys fees earned and agreed to by the Debtors in conjunction with the preparation and adjudication of this Complaint, as is just and proper.

Dated April 8, 2014.

JOHN CARTER MORGAN, JR., PLLC

/s/ John C. Morgan
John C. Morgan, VSB #30148
James M. McMinn, VSB #84728
James G. Wright, VSB #84633
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232
(FAX) 349-1278
jcm@jcmpllc.com
*Counsel for Debtors/Plaintiffs*